Follett, J.
The petition by the company alleges, that James A. Elder executed and delivered to it his written obligation in the following words and figures:
“|25.00. Cumberland, Ohio, Nov. 25, 1882.
“ Eor and in consideration of the undertaking by the Bellaire, Zanesville and Cincinnati Railway Company, to construct a railway under their certificate of incorporation, and of the pecuniary advantages and benefits thereby accruing to me, I promise to donate, and hereby agree to pay to the Bellaire, Zanesville & Cincinnati Railway Company, or order, twenty-five dollars, and pay the same at any time within two years that said line of railway may be constructed from the Burnt Mills to Cumberland, so that the ears can pass over the same: Provided, the depot or station-house for Cumberland is permanently located not further east than the centre of said town. James A,. Elder.”
It appears from the exhibit attached to the petition, that all that part subsequent to the words “ pay the same ” is written, while that preceding is an ordinary printed blank, with blanks filled in with pen.
The petition further alleges, that said’eompany did construct its .road from Burnt Mills to Cumberland; that the cars could and did pass over the same, and said railway is in operation between said points; that after so complying with said contract, said company, which still owns and holds said contract, demanded payment. That in complying with said contract plaintiff expended large sums of money, and did great labor, to the knowledge, at the time, of Elder, and upon the faith of of his promise. . ‘
To this petition Elder demurs. That raises the question as to the sufficiency of the alleged performance, and the further question whether the proviso contained in the obligation of Elder is a condition precedent or subsequent, or stipulation merely, for the failure to comply with which, by the company, Elder might recover.
In the light of the principles laid down in the Ohio cases, and especially the case of Chamberlain v. The R. R. Co., 15 O. S., 225, we are of opinion that the petition is insufficient. Elder is *259 not a subscriber to the stock, nor does the language of his donation indicate an obligation in praesenti. He promises to make a donation at any time after certain things are done. It was not in contemplation of the parties that Elder’s donation was to be used in constructing the road. We think it clear that Elder’s agreement is to give the company $25.00, upon the condition that it shall first construct its road and permanently locate its depot at a certain point. Both provisions are written in at the bottom of the blank. It seems manifest that they did not intend one to be a condition precedent and the other a condition subsequent.
In Chamberlain’s case the road was* to be permanently located, and a freight house, by a separate clause, was to be erected. White, J., says, p. 244 : “ If the party intended that the building of both should concur before his rights and liability as a stockholder should attach, it seems to us he would have applied the same or similar language to both.” In this case he does: “at any time * * that said line .* be constructed ; provided the depot * * is permanently located, etc.”
Of these conditions there is no objection to a subscriber inserting as many as he may chose, says White, J., supra, and until they are performed, the relation of the subscriber to the company as a stockholder does not arise. Much less would the obligation of a stranger become fixed.
The petition is insufficient without an allegation that the depot has been permanently located as provided in the promise. The demurrer should be sustained.
Judgment reversed.